**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **100 DESSAU, LP,**<br>*Plaintiff*<br><br>**v.**<br><br>**LIVE BRIO APARTMENTS TX, LLC,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:23-cv-01443-RP** |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Live Brio Apartments TX, LLC's Motion to Transfer Pursuant To The First-to-File Rule Or, Alternatively, To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. After reviewing the associated briefing and relevant caselaw, the undersigned recommends that the motion be granted.

## I. BACKGROUND

This case is about a dispute over the purchase of property. Plaintiff 100 Dessau, LP entered a Purchase and Sale Agreement ("PSA") with Live Brio for the sale of a piece of property in Travis County, Texas. Dkt. 5, at 2.[1] Section 3 of the PSA required Live Brio to deliver $2,500,000 (the "Initial Earnest Money") to an Escrow

[1] Given the procedural posture of this dispute, the undersigned accepts all of Dessau's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

Agent. Live Brio timely deposited the Initial Earnest Money, and the parties had amicable dealings for over a year. *Id.* at 2-3.

On September 1, 2023, Dessau designated the closing to occur forty-five days later, October 16, 2023. *Id.* at 3.[2] Dessau alleges that Live Brio, without notice or explanation, failed to appear at the offices of the Escrow Agent on the closing date and failed to deliver funds and execute the documents required under Section 8(a) of the PSA to consummate the purchase of the property. *Id.* at 4. Dessau further alleges that this constituted a "material default" under Section 11(a) of the PSA. *Id.* Consequently, on October 17, 2023, Dessau terminated Live Brio's rights under the PSA through written notice and instructed the Escrow Agent to deliver the Initial Earnest Money to Dessau. *Id.* at 5. Live Brio has instructed the Escrow Agent to not release the Initial Earnest Money to Dessau. *Id.* at 4.

On October 13, 2023, the Friday before the Designated Closing Date, Live Brio filed a lawsuit in New York state court,[3] alleging breach of the PSA and requesting a refund of its $2,500,000 earnest money deposit. *Id.* at 5. On October 19, 2023, Dessau filed suit in Texas state court,[4] also asserting breach of the PSA and seeking release

---

[2] Section 8 of the PSA provides that "the closing … of the sale of the Property by Seller to Purchaser shall occur … on that date … that is on or about forty-five (45) days following Seller's receipt … of temporary and/or final certificates of occupancy." Dkt. 7-1, at 17. Section 21 of the PSA, entitled "Time of Essence," provides that "any date for performance or expiration of a relevant time period hereunder, that falls on a day that is not a business day in Texas, will be extended to the next business day thereafter." *Id.* at 27.

[3] The case was later removed to the Eastern District of New York (Civil Action No. 2:23-cv-8523-NJC-JSL, hereinafter, the "New York Court" and "New York Action").

[4] The case was later removed to this Court (Civil Action No. 1:23-cv-01443-RP, hereinafter, the "Texas Court" and "Texas Action").

of the earnest money. Dkt. 1-3. On January 2, 2024, Live Brio filed this Motion to Transfer, Dkt. 7, now before the undersigned for consideration.

## II. LEGAL STANDARDS

### A. Motion to Transfer

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule is a discretionary doctrine that rests on principles of comity and sound judicial administration, animated by the concern to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Kolb v. Conifer Value-Based Care, LLC*, No. 3:23-CV-744-E-BN, 2023 WL 8244293, at *2 (N.D. Tex. Nov. 27, 2023) (quoting *Cadle Co.*, 174 F.3d at 603) (internal quotation marks omitted).

### B. Motion to Dismiss

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when

assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

Live Brio moves to transfer this case to the New York Court pursuant to the first-to-file rule. Dkt. 7. Alternatively, Live Brio moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it did not breach the PSA as a matter of law. *Id.* Because the undersigned recommends granting the motion to transfer, there is no need to consider the motion to dismiss.

### A. Anticipatory Filing Exception

Live Brio filed its suit in New York on October 13, 2023, which is before Dessau filed its suit in Texas on October 19, 2023.[5] Accordingly, the first-to-file rule would typically counsel that this Court should transfer the subsequently filed case to New York. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co.*, 174 F.3d at 603. The rule exists "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985).

There is no dispute that the issues raised in the New York and Texas cases substantially overlap. Both cases allege breaches of the same PSA and seek

---

[5] "[T]he relevant date for purposes of the first-to-file rule is the date the case was originally filed in state court, not the date the case was removed to federal court." *KAL Drilling, Inc. v. Star of Tex. Energy Services Inc.*, No. A-07-CA-319 LY, 2007 WL 9701456, at *2 (W.D. Tex. Aug. 24, 2007), report and recommendation adopted, No. A-07-CA-319-LY, 2007 WL 9701458 (W.D. Tex. Oct. 11, 2007).

ownership of the same $2,500,000 in earnest money. Courts in this circuit have found substantial overlap when faced with similar circumstances. *See Walsh v. Peterson*, No. 4:21-CV-867, 2022 WL 3088086, at *3 (E.D. Tex. Aug. 3, 2022) (finding substantial overlap where two causes of action alleged similar ERISA violations). *See also White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 343 (S.D. Miss. 2008) (finding substantial overlap in multiple actions alleging overtime violations of the FLSA). Moreover, Live Brio alleges that Dessau has conceded that the actions substantially overlap, which Dessau does not rebut. *See* Dkt. 7, at 7 ("Indeed, Plaintiff has judicially admitted that the actions substantially overlap.") (emphasis omitted).

Dessau argues that the first-to-file rule does not apply because Live Brio's New York Action was an "anticipatory filing." Dkt. 8, at 9. "[S]everal courts in the Fifth Circuit have concluded that an anticipatory suit initiated for the purpose of obtaining a favored forum constitutes a compelling circumstance that justifies a deviation from the first-to-file rule." *Twin City Ins. Co. v. Key Energy Services, Inc.*, No. CIV A H-09-0352, 2009 WL 1544255, at *5 (S.D. Tex. June 2, 2009); *see also Epic Tech, LLC v. Arno Res., LLC*, No. 1:20-CV-577-LY, 2020 WL 5351078, at *7 (W.D. Tex. Sept. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-577-LY, 2021 WL 2431340 (W.D. Tex. Jan. 11, 2021) (finding that lawsuit was filed in anticipation of other lawsuit in an attempt to deprive the "true plaintiff" of its chosen forum, and therefore refusing to apply the first-to-file rule).

Dessau contends that Live Brio's conduct before filing suit demonstrates that its New York Action was an anticipatory filing. *See Paragon Indus., L.P. v. Denver*

*Glass Mach., Inc.*, No. CIV.A. 3-07CV2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008) ("In determining whether a suit is anticipatory, courts scrutinize the parties' activities prior to filing of a suit. Courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum."). Dessau argues that Live Brio "stayed silent about the existence of any particular [Dessau] defaults under the PSA, or any other objection to the Closing Date, until filing suit on October 13 (three days before the Closing Date), and even then, failed to notify Seller of the existence of the NY Suit or the declaratory relief sought therein until after its time to perform had come and gone." Dkt. 11, at 10-11.

But merely staying silent about a breach of contract is not the sort of conduct that the anticipatory filing exception was meant to exclude from the first-to-file rule. Instead, "the primary reason courts have recognized the anticipatory suit exception to the first-to-file rule is to avoid penalizing a party that has attempted to settle a dispute out of court." *Twin City Ins.*, 2009 WL 1544255, at *5; *see also, e.g.*, *Johnson Bros. Corp. v. Int'l Broth. of Painters*, 861 F. Supp. 28, 29-30 (M.D. La. 1994) (refusing to apply first-to-file rule where first lawsuit was filed during settlement negotiations).

This Court's decision in *Epic Tech* provides a useful guide. There, several gaming companies had a contract dispute. 2020 WL 5351078, at *1. Arno Resources, LLC sent pre-suit demand letters to Epic Tech, LLC and Winter Sky, LLC, noting that counsel planned to file suit in the Northern District of Georgia and was authorized "to discuss potential settlement possibilities with all parties before filing

suit in an effort to resolve this matter pre-suit." *Id.* at *2. Three days later, Epic Tech and Winter Sky filed suit in Texas. *Id.* Arno moved to dismiss under the anticipatory-filing exception, arguing that Epic Tech and Winter Sky "improperly filed this action to deprive Arno of its chosen [forum]." *Id.* at *3. This Court agreed and dismissed the action. *Id.* at *7.

Dessau never sent Live Brio a pre-suit demand letter or engaged in settlement negotiations. Accordingly, the primary rationale for the anticipatory filing exception does not apply. *See Twin City Insurance*, 2009 WL 1544255, at *5. Moreover, adopting Dessau's proposed rule—that anytime a party files a declaratory action without warning, the anticipatory filing exception applies—would lead to unworkable results. Indeed, "[d]eclaratory judgment actions are intrinsically anticipatory in nature." *Kinetic Concepts, Inc. v. Connetics Corp.*, No. CIV.A.SA-04-CA0237XR, 2004 WL 2026812, at *3 (W.D. Tex. Sept. 8, 2004). The undersigned does not agree with Dessau that bringing a declaratory action for an alleged breach of contract inherently constitutes an anticipatory filing for purposes of the first-to-file rule.

Accordingly, the undersigned rejects Dessau's argument that the anticipatory-filing exception to the first-to-file rule applies here. The undersigned will next consider Dessau's argument that 28 U.S.C. § 1404(a)'s convenience factors dictate that the Western District of Texas is nonetheless the proper forum.

**B. 28 U.S.C. § 1404(a)**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought or to any district or division to which all parties have consented." The convenience factors to consider under § 1404(a) are divided into private-interest factors and public-interest factors. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation omitted, cleaned up). Dessau argues that these factors weigh in favor of denying the Motion to Transfer and keeping this case in the Western District of Texas.

The problem for Dessau is that the § 1404(a) factors are irrelevant when applying the first-to-file rule. "[T]he 'first-to-file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). "Accordingly, the majority of district courts find that only the first-filed court should engage in a § 1404(a) analysis." *Barnes v. Sandbox Transp., LLC*, No. MO:18-CV-00050-DC, 2018 WL 11471781, at *3 (W.D. Tex. June 16, 2018); *see Yeti Coolers, LLC*

*v. Beavertail Products, LLC*, No. 1-15-CV-415 RP, 2015 WL 4759297 (W.D. Tex. Aug. 12, 2015) ("Thus, as our sister court has stated 'the Fifth Circuit made clear that it is the first-filed court, not this court, that should make the § 1404(a) determination.'") (quoting *Twin City Ins.*, 2009 WL 1544255, at *6).

Because Live Brio filed its suit first in New York, the New York Court is the appropriate body to determine whether transfer is warranted under the § 1404(a) factors. Accordingly, the undersigned finds Dessau's arguments against transferring this action to the New York Court unpersuasive.

### C. Minimum Contacts in New York

Finally, Dessau argues that this Court should stay its ruling on the Motion to Transfer pending resolution of Dessau's jurisdictional challenge in the New York Action. But the only support Dessau provides for that contention is two cases saying that courts have the *authority* to stay cases in these circumstances. *See W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1 ("In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it."); *Yeti Coolers, LLC v. Ontel Products Corp.*, No. 1:16-CV-1283-RP, 2017 WL 8182753, at *1 (W.D. Tex. Aug. 14, 2017) ("The rule grants federal district courts the discretion to dismiss, stay, or transfer a later-filed action in favor of the first-filed action and therefore avoid duplicative litigation."). None of those cases stands for the proposition that this Court *ought* to grant a stay in these circumstances.

The undersigned concludes that a stay is inappropriate in this case. For the reasons elaborated above, Fifth Circuit precedent dictates that this case be

transferred to the first-filed forum, New York. Accordingly, the undersigned recommends that the Motion to Transfer be granted. Because the undersigned recommends granting the Motion to Transfer, there is no need to consider Live Brio's alternative arguments for dismissal.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Live Brio Apartments TX, LLC's Motion to Transfer, Dkt. 7. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 7, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE